UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

RUTH YAKUBU,

Case No.:

*Plaintiff*,

**COMPLAINT**

-against-

**JURY TRIAL DEMAND**

MICROSOFT CORPORATION and DAVID SMITH,

*Defendants*.

-----------------------------------------------------------------X

Plaintiff RUTH YAKUBU ("Plaintiff"), by and through her attorneys, Ballon Stoll P.C., complaining of Defendant MICROSOFT CORPORATION ("Microsoft" or "Defendant Microsoft"), and DAVID SMITH, ("Mr. Smith" or "Defendant Smith") (collectively, "Defendants"), alleges upon personal knowledge, unless where information and belief is stated, the following:

*1.*     This is an action brought for substantial compensatory damages and reasonable counsel fees premised upon the Defendants' acts of unlawful discrimination and retaliation based on Plaintiff's race, color, and sex, in violation of the Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law") § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code") § 8-101, *et seq.*; and age discrimination in violation of the Executive Law § 296, *et seq.*, and the Administrative Code § 8-101, *et seq.*; and disability discrimination in violation of the Executive Law § 296, *et seq.*, and the Administrative Code § 8-101, *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the Plaintiffs claims on this action pursuant to and 28 U.S.C. § 1331.

3.      This Court has jurisdiction over Plaintiff's state law (including New York City law) claims pursuant to 28 U.S.C. § 1367 in that the state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy.

4.      As the Southern District is the district where a substantial part of the events giving rise to the claims occurred, venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2).

5.      Defendant Microsoft maintains an office at 11 Times Sq, New York, NY 10036.

6.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant.

7.      On January 22, 2025, the EEOC issued a right-to-sue letter under, *inter alia*, Title VII. A copy of the EEOC right-to-sue letter is attached hereto as **Exhibit A**.

## THE PARTIES

### *Plaintiff*

8.      At all relevant times, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f); Executive Law § 292(6); and Administrative Code §8-102.

9.      At all relevant times, Plaintiff was a "person" within the meaning of Executive Law 292(1) and Administrative Code § 8-102(1).

10.      At all relevant times, Plaintiff was a "qualified individual" within the meaning of 42 U.S.C. §12111(8).

11.      Plaintiff resides in the city of Los Angeles, state of California.

*Defendants*

12.     Defendant Microsoft is a technology corporation with a New York City office located at 11 Times Sq, New York, NY 10036 (the "New York Office").

13.     At all relevant times, Defendant Microsoft employed Plaintiff at its New York Office.

14.     At all relevant times, Defendant Microsoft had more than 500 employees.

15.     At all relevant times, Defendant Microsoft was an "employer" within the meaning of 42 U.S.C. § 2000e(b), Executive Law § 292(5), and Administrative Code §8-107(5).

16.     Defendant Smith, upon information and belief, is a resident of California State and, at all relevant times herein, was a manager employed by Microsoft, who directly supervised Plaintiff.

17.     At all relevant times, Defendant Smith was subject to the provisions of Title VII, and the New York State Human Rights Law and New York Cirt Human Rights Law.

## JURY DEMAND

18.     Plaintiff hereby demands a trial by jury in this action.

## FACTS

19.     Plaintiff is an African American female.

20.     Plaintiff was born in 1978.

21.     Plaintiff began working for Defendant Microsoft on or around September 2016 at the Redmond, WA office located at One Microsoft Way, Redmond, WA 98052.

22.     Plaintiff's original title was Cloud Solution Architect.

23.    Around 2017, Plaintiff transferred to a new role at Microsoft's New York City office located at 11 Times Sq, New York, NY 10036, on Microsoft's Cloud Advocacy Team ("Team"), and her title became Senior Cloud Advocate.

24.    Plaintiff started to work approximately 90% remotely since 2017 on the Team.

25.    In September of 2021, Plaintiff was promoted to Principal Cloud Advocate by Defendant Microsoft.

26.    Before 2023, there were a total of five (5) team members, excluding Plaintiff, in the Team, including Dave Glover, Beatrice Stollnitz, Henk Boelman, Gustavo Gordido, and Aysegul Yonet.

27.    In 2023, Aysegul Yonet left the Team, and Nitya Narasimham joined the Team.

28.    Upon information and belief, Dave Glover is a Caucasian male. His title was Principal Cloud Advocate.

29.    Upon information and belief, Beatrice Stollnitz is a Caucasian female. Her title was Principal Cloud Advocate.

30.    Upon information and belief, Henk Boelman is a Caucasian male. He was promoted to Principal Cloud Advocate in 2023.

31.    Upon information and belief, Gustavo Gordido is a Caucasian male. His title was Cloud Advocate (Junior).

32.    Upon information and belief, Aysegul Yonet is a Turkish female. Her title was Senior Cloud Advocate.

33.    Upon information and belief, Nitya Narasimham is an Indian female. Her title was Senior Cloud Advocate.

34.     Upon information and belief, the duties and responsibilities of Principal Cloud Advocate were the same.

35.     Upon information and belief, the duties and responsibilities of Senior Cloud Advocate and Principal Cloud Advocate were similar.

36.     Defendant Smith supervised all members on the Team.

37.     Upon information and belief, Plaintiff is one of the oldest members of the Team.

38.     Plaintiff belonged to the protected class for age discrimination because she was over 40 years old at the time.

39.     At all relevant times, Plaintiff was a diligent employee of Defendant Microsoft, and she excelled in her work performance.

40.     Around September of 2022, Plaintiff participated in a United Nation's event for women that was taken place at Microsoft's New York City office.

41.     At the event, while Plaintiff was speaking to a partner from another technology company, an unknown Microsoft male employee came in, stood behind the partner of the other company, and started staring at Plaintiff in an angry, hostile, and intimidating manner.

42.     This Microsoft male employee did not interact with anyone throughout the women's event but kept looking at Plaintiff in a hostile and threatening manner.

43.     As a female being stared at by an unknown strange man at a women's event, Plaintiff was frightened and threatened by this intimidating male employee of Microsoft.

44.     Plaintiff reported this incident to the Microsoft's Human Resource Department ("HR").

45.     Within a week around September of 2022, when Plaintiff was working at Microsoft's New York City office, she experienced another harassment incident.

46.     Plaintiff was working in a private office, and she had a Logitech webcam mounted at the top of her laptop, and they were connected via a USB cord.

47.     At the time, Plaintiff stepped away from her computer for a few minutes. She noticed that her Logitech webcam was disconnected from her laptop and was put on the table after she came back.

48.     Upon information and belief, there were at most five (5) Microsoft employees in the vicinity of Plaintiff's workspace at the time.

49.     Upon information and belief, Plaintiff was harassed by her colleagues because of her race, color, and/or sex.

50.     On or about September of 2022, Plaintiff complained to Microsoft's HR about the above incidents described herein, and her complaints were included in incident reports, with the following HR Ticket Numbers: GSI case #2022-005524, WP-2022-002993 and WP-2022-002994.

51.     Around March of 2023, Plaintiff experienced a similar incident while she was working at a WeWork office, located at 18 W 18th Street, New York, NY 10001, which was reserved to be used by Plaintiff herself.

52.     At the WeWork office, not only was Plaintiff's Logitech camera disconnected from the laptop, but her iPad was also missing.

53.     Plaintiff had to call the police to report the loss of personal property.

54.     The only persons in the vicinity of Plaintiff's workspace were other WeWork members.

55.     Upon information and belief, the workplace incidents reflected discriminatory conduct directed at Plaintiff in her workplace; which such conduct based on Plaintiff on the basis of her race, color, and gender.

56.     However, the HR made excuses to not assist Plaintiff and address her complaints. For example, Plaintiff asked them if the locations had security cameras, and the HR claimed that there was no security cameras installed. But when Plaintiff showed Microsoft Human Resources ("HR") a photo depicting the security cameras at the scene, the HR quickly changed their story stating that the cameras were pointing in other directions.

57.     Because of the hostile work environment in her workplace, Plaintiff suffered from emotional distress.

58.     Defendants were aware of Plaintiff's condition of emotional distress.

59.     Around August of 2023, Plaintiff needed to take time off work to go to Washington, D.C. for assistance for the discriminatory harassment she was receiving and the emotional distress.

60.     After making a proper request, Plaintiff first took days off on August 9, 2023 and went back to work on August 23, 2023.

61.     On August 24, 2023, Plaintiff needed a few more days for her personal wellness after she returned to work. She advised the HR on the same day, copying Mr. Smith, that she would take days off for another week from August 28, 2023.

62.     On August 25, 2023, Plaintiff verbally informed Mr. Smith that she would be taking the following week off work. Plaintiff also declined a virtual meeting that was scheduled with Mr. Smith on August 28, 2023.

63.     Plaintiff specifically stated that she "will be out of office this week;" and such statement was connected with "wellness reasons".

64.     However, on August 28, 2023, Mr. Smith sent Plaintiff an email chastising and blaming her for not attending the scheduled meeting (the "August 28th Email"). Mr. Smith's supervisor, Mr. Todd Anglin, was copied in the August 28th Email.

65.    Plaintiff forwarded the August 28th Email to Microsoft's HR to report Mr. Smith's deceptive conduct.

66.    Upon information and belief, the August 28th Email was placed in Plaintiff's HR personnel file maintained by Microsoft's HR.

67.    Upon information and belief, the other Principal Cloud Advocates, David Glover, Beatrice Stollnitz and Han Boelman, and Senior Cloud Advocate, Nitya Narasimham missed scheduled meetings frequently but were never chastised or blamed for not attending such meetings.

68.    In the meantime, after Plaintiff mentioned her personal wellness situation to Microsoft's HR and Mr. Smith, she received emails from Defendant Microsoft advising her to receive mental health counseling and treatment, by proving Plaintiff hyperlinks for counselors and service providers.

69.    On September 5, 2023, the first day Plaintiff returned to work from her wellness off days, her teammate, Dave Glover, did an AI demo presentation in the Team weekly meeting about a program for "searching for wellness and mental health."

70.    Upon information and belief, Defendants were aware of Plaintiff's mental health condition at the time on or about August of 2023.

71.    Upon information and belief, Defendants perceived that Plaintiff had mental health disability at the time on or about August of 2023.

72.    Upon information and belief, Mr. Smith, with full approval of Defendant Microsoft, revealed Plaintiff's situation of mental wellness to the Team members and encouraged them to give a presentation on this topic on the first day when Plaintiff returned to the office.

73.    Plaintiff was extremely offended and humiliated because her personal situation should be confidential and never disclosed to the public.

74.    In fact, the only two people who were informed by Plaintiff about her situation were Mr. Smith and an HR person.

75.    Mr. Smith's malicious behavior had severely exacerbated Plaintiff's mental distress and anguish.

76.    In the meantime, on August 25, 2023, Mr. Smith sent an email to Plaintiff regarding her performance for the fiscal year 2023, in which he incorrectly asserted Plaintiff did not meet the expectations for her level and role, and as a result, she did not receive any rewards for the 2023 fiscal year.

77.    Specifically, Mr. Smith gave the following reasons as to Plaintiff's lack of performance: (1) missing opportunities for impact, such as with the Data Scientists of Nigeria partnership and in Responsible AI leadership; (2) missing targets on trained trainers and skilling participants through delivery of workshops on the topic of Responsible AI; (3) lack of proactiveness to drive the conversations that unblock delays in projects, or to pivot plans while waiting for blockers to clear; and (4) lapses in professionalism: missing scheduled meetings and general poor communication.

78.    None of the above reasons were true.

79.    Throughout the fiscal year 2023, Plaintiff had made strong contributions and proactively taken challenges of learning and evangelizing to Defendant's AI developer communities.

80.    Neither Mr. Smith nor Mr. Todd Anglin had given sufficient explanation as to why Plaintiff's contributions and impact in fiscal year 2023 were considered "lower than expected", despite Plaintiff's multiple emails listing her splendid work product in detail.

81.    Plaintiff then sent multiple emails and placed multiple incident tickets to HR reporting Mr. Smith's false representations for her fiscal year 2023 performance review.

82.    As a result, in December of 2023 and January of 2024, Mr. Smith told some of Plaintiff's stakeholders to cancel her engagements and initiatives, including a three-day Responsible AI workshop for Plaintiff to present to Microsoft global AI Most Valuable Professionals, and another Responsible AI workshop to universities for Microsoft Education organization stakeholders.

83.    In the meantime, HR had refused to provide sufficient support to Plaintiff, whose emails were ignored, and the incident tickets were deleted.

84.    Plaintiff was then terminated from Defendant's employment on April 8, 2024.

85.    At all relevant times, Plaintiff attended every one-on-one meeting with Mr. Smith and every team meeting with the Team, except for only one (1) time when Mr. Smith incorrectly scheduled a meeting with Plaintiff and stakeholders.

86.    Because this meeting was scheduled incorrectly, Plaintiff was not properly notified and missed the team meeting.

87.    In occasions where Plaintiff could not attend any meeting, she always contacted the recipients of the meetings and canceled the meetings in advance.

88.    Plaintiff never missed any meetings other than this one.

89.    As a result, Mr. Smith scheduled a one-on-one meeting with Plaintiff, blamed her, and told her not to do that again.

90.    In a sharp contrast, most of the other members of the Team, namely Principal Cloud Advocates, David Glover, Beatrice Stollnitz and Han Boelman, and Senior Cloud Advocate, Nitya Narasimham, consistently missed the Team meetings.

91.     Only Plaintiff and one other female Team member attended the Team meetings all the time.

92.     Upon information and belief, Mr. Smith never criticized or berated any of the other Team members, or in fact said anything to them when they were missing from the Team meetings.

93.     At all relevant times, Plaintiff was micromanaged by Mr. Smith since almost every time when she was away from her computer for more than thirty (30) minutes, including lunchtime, Mr. Smith would ping her or give her a call asking her whereabouts.

94.     Upon information and belief, this never happened to other members in the Team. On numerous occasions, Mr. Smith did not even notice their absence from work.

95.     For example, Dave Glover took PTOs and vacations all the time, but Mr. Smith did not know anything about them. For quite a few times, Mr. Smith said "Really? I did not even know that" when he was told about Dave Glover's vacations during the team meetings.

96.     Upon information and belief, Aysegul Yonet left the Team in 2023 because as a non-white female, she was being treated poorly and unjustly by Mr. Smith and the manager of Mr. Smith at the time.

97.     At all relevant times, the other Team members worked in the same Team as Plaintiff.

98.     At all relevant times, the other Team members reported to the same manager, Mr. Smith, as Plaintiff.

99.     At all relevant times, the other Team members were subject to the same Microsoft company policies as Plaintiff.

100.    At all relevant times, Dave Glover and Beatrice Stollnitz held the same title and had the same duties and responsibilities as Plaintiff. Henk Boelman was promoted to the same title as Plaintiff and had the same duties and responsibilities in 2023.

101.    Despite being similarly situated to Plaintiff as set forth above, upon information and belief, the other Team members were treated significantly differently by Mr. Smith in respect to the terms and conditions of their employment at Defendant Microsoft.

102.    In addition, despite being similarly situated to Plaintiff and Aysegul Yonet as set forth above, upon information and belief, the other Team members were treated significantly differently by Mr. Smith and Mr. Todd Anglin, because both Plaintiff and Aysegul Yonet are non-white females.

103.    As a result of Defendant's unlawful conduct, Plaintiff has experienced severe emotional distress, lost quality of life, and mental anguish pain and suffering, requiring treatment by a therapist and prescribed medication to treat her diagnosed condition including but not limited to chronic anxiety and PTSD.

104.    As a result of Defendant's unlawful conduct, Plaintiff suffered substantial loss of income and benefits, and attorneys' fees.

### FIRST CAUSE OF ACTION
**Discrimination Based Upon Race in Violation of Title VII, 42 U.S.C. §§ 2000e, et seq. Against Defendant Microsoft**

105.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

106.    Defendant Microsoft discriminated against Plaintiff on the basis of her race (African American) in violation of Title VII.

107.    The discrimination was a result of intentional actions by Defendant Microsoft, and/or deliberate indifference by Defendant Microsoft.

108.    As a result of Defendant Microsoft's discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

109.    As a result of Defendant Microsoft's discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

110.    Defendant Microsoft's discriminatory actions in violation of Title VII were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

## SECOND CAUSE OF ACTION
### Discrimination Based Upon Race in Violation of the New York Executive Law, § 296, et seq. Against Defendants Microsoft and Smith

111.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

112.    Defendants discriminated against Plaintiff on the basis of her race (African American) in violation of the Executive Law.

113.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

114.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

115.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

116.    Defendants' discriminatory actions in violation of the Executive Law were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

**THIRD CAUSE OF ACTION**
**Discrimination Based Upon Race in Violation of the New York City Administrative Code, §
8-101, et seq. Against Defendants Microsoft and Smith**

117.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

118.    Defendants discriminated against Plaintiff on the basis of her race (African
American) in violation of the Administrative Code.

119.    The discrimination was a result of intentional actions by Defendants, and/or
deliberate indifference by Defendants.

120.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will
continue to incur damages thereby, but not limited to lost income and attorneys' fees.

121.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and
continues to suffer emotional distress and loss of quality of life.

122.    Defendants' discriminatory actions in violation of the Administrative Code were
intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless
indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary
damages.

**FOURTH CAUSE OF ACTION**
**Discrimination Based Upon Color in Violation of Title VII, 42 U.S.C. §§ 2000e, et seq.
Against Defendant Microsoft**

123.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

124.    Defendant Microsoft discriminated against Plaintiff on the basis of her color (black)
in violation of Title VII.

125.    The discrimination was a result of intentional actions by Defendant Microsoft,
and/or deliberate indifference by Defendant Microsoft.

126.    As a result of Defendant Microsoft's discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

127.    As a result of Defendant Microsoft's discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

128.    Defendant Microsoft's discriminatory actions in violation of Title VII were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

### FIFTH CAUSE OF ACTION
### Discrimination Based Upon Color in Violation of the New York Executive Law, § 296, et seq., Against Defendants Microsoft and Smith

129.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

130.    Defendants discriminated against Plaintiff on the basis of her color (black) in violation of the Executive Law.

131.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

132.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

133.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

134.    Defendants' discriminatory actions in violation of the Executive Law were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

## SIXTH CAUSE OF ACTION
**Discrimination Based Upon Color in Violation of the New York City Administrative Code, § 8-101, *et seq*. Against Defendants Microsoft and Smith**

135.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

136.    Defendants discriminated against Plaintiff on the basis of her color (black) in violation of the Administrative Code.

137.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

138.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

139.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

140.    Defendants' discriminatory actions in violation of the Administrative Code were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

## SEVENTH CAUSE OF ACTION
**Discrimination Based Upon Sex in Violation of Title VII, 42 U.S.C. §§ 2000e, *et seq*. Against Defendant Microsoft**

141.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

142.    Defendant Microsoft discriminated against Plaintiff on the basis of her sex (female) in violation of Title VII.

143.    The discrimination was a result of intentional actions by Defendant Microsoft, and/or deliberate indifference by Defendant Microsoft.

16

144.    As a result of Defendant Microsoft's discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

145.    As a result of Defendant Microsoft's discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

146.    Defendant Microsoft's discriminatory actions in violation of Title VII were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

### EIGHTH CAUSE OF ACTION
**Discrimination Based Upon Sex in Violation of the New York Executive Law, § 296, *et seq.*, Against Defendants Microsoft and Smith**

147.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

148.    Defendants discriminated against Plaintiff on the basis of her sex (female) in violation of the Executive Law.

149.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

150.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

151.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

152.    Defendants' discriminatory actions in violation of the Executive Law were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

**NINTH CAUSE OF ACTION**

**Discrimination Based Upon Sex in Violation of the New York City Administrative Code, § 8-101, *et seq*. Against Defendants Microsoft and Smith**

153.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

154.    Defendants discriminated against Plaintiff on the basis of her sex (female) in violation of the Administrative Code.

155.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

156.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

157.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

158.    Defendants' discriminatory actions in violation of the Administrative Code were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

**TENTH CAUSE OF ACTION**

**Discrimination Based Upon Age in Violation of the New York Executive Law, § 296, *et seq*., Against Defendants Microsoft and Smith**

159.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

160.    Defendants discriminated against Plaintiff on the basis of her age (46) in violation of the Executive Law.

161.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

162.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

163.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

164.    Defendants' discriminatory actions in violation of the Executive Law were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

**ELEVENTH CAUSE OF ACTION**
**Discrimination Based Upon Age in Violation of the New York City Administrative Code, § 8-101, et seq. Against Defendants Microsoft and Smith**

165.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

166.    Defendants discriminated against Plaintiff on the basis of her age (46) in violation of the Administrative Code.

167.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

168.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

169.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

170.    Defendants' discriminatory actions in violation of the Administrative Code were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

**TWELFTH CAUSE OF ACTION**

**Discrimination Based Upon Disability in Violation of the New York Executive Law, § 296, et seq., Against Defendants Microsoft and Smith**

171.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

172.    Defendants discriminated against Plaintiff on the basis of her mental health disability in violation of the Executive Law.

173.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

174.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

175.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

176.    Defendants' discriminatory actions in violation of the Executive Law were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

**THIRTEENTH CAUSE OF ACTION**

**Discrimination Based Upon Disability in Violation of the New York City Administrative Code, § 8-101, et seq. Against Defendants Microsoft and Smith**

177.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

178.    Defendants discriminated against Plaintiff on the basis of her mental health disability in violation of the Administrative Code.

179.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

180.     As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

181.     As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

182.     Defendants' discriminatory actions in violation of the Administrative Code were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

## FOURTEENTH CAUSE OF ACTION
### Discrimination Based Upon Perceived Disability in Violation of the New York Executive Law, § 296, et seq., Against Defendants Microsoft and Smith

183.     Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

184.     Defendants discriminated against Plaintiff on the basis of perceived mental health disability in violation of the Executive Law.

185.     The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

186.     As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

187.     As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

188.     Defendants' discriminatory actions in violation of the Executive Law were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

## FIFTEENTH CAUSE OF ACTION
**Discrimination Based Upon Perceived Disability in Violation of the New York City Administrative Code, § 8-101, et seq. Against Defendants Microsoft and Smith**

189.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

190.    Defendants discriminated against Plaintiff on the basis of perceived mental health disability in violation of the Administrative Code.

191.    The discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

192.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income and attorneys' fees.

193.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and loss of quality of life.

194.    Defendants' discriminatory actions in violation of the Administrative Code were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

## SIXTEENTH CAUSE OF ACTION
**Hostile Work Environment in Violation of Title VII, 42 U.S.C. §§ 2000e, et seq. Against Defendant Microsoft**

195.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

196.    Defendant Microsoft created a hostile work environment when they created an objectively abusive work environment based on Plaintiff's race, color, sex, and/or age, in violation of Title VII.

197.    Furthermore, by reason of the continuous nature of Defendant Microsoft's unlawful treatment of Plaintiff, which persisted throughout the relevant periods mentioned above, Plaintiff

is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendant Microsoft continued to have an adverse and prejudicial impact on Plaintiff.

198.    As a result of Defendant Microsoft's discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost benefits, and attorneys' fees.

199.    As a result of Defendant Microsoft's discriminatory conduct, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish pain and suffering, and lost quality of life.

## SEVENTEENTH CAUSE OF ACTION
**Hostile Work Environment in Violation of the New York Executive Law, § 296, et seq.
Against Defendants Microsoft and Smith**

200.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

201.    Defendants created a hostile work environment when they created an objectively abusive work environment based on Plaintiff's race, color, sex, and/or age, in violation of the Executive Law.

202.    Furthermore, by reason of the continuous nature of Defendants' unlawful treatment of Plaintiff, which persisted throughout the relevant periods mentioned above, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicial impact on Plaintiff.

203.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost benefits, and attorneys' fees.

204.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish pain and suffering, and lost quality of life.

## EIGHTEENTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the New York City Administrative Code, § 8-101, et seq. Against Defendants Microsoft and Smith

205.    Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

206.    Defendants created a hostile work environment when they created an objectively abusive work environment based on Plaintiff's race, color, sex, and/or age, in violation of the Administrative Code.

207.    Furthermore, by reason of the continuous nature of Defendants' unlawful treatment of Plaintiff, which persisted throughout the relevant periods mentioned above, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continued to have an adverse and prejudicial impact on Plaintiff.

208.    As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost benefits, and attorneys' fees.

209.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish pain and suffering, and lost quality of life.

## NINETEENTH CAUSE OF ACTION
### Retaliation in Violation of Title VII, 42 U.S.C. §§ 2000e, et seq. Against Defendant Microsoft

210.    Defendant Microsoft retaliated against Plaintiff for making complaints of discrimination in violation of Title VII.

211.    The complaints of discrimination made by Plaintiff were either actual violations of Title VII, and/or Plaintiff reasonably believed were actual violations of Title VII.

212.    The retaliation was a result of intentional actions by Defendant Microsoft, and/or deliberate indifference by Defendant Microsoft.

213. As a result of Defendant Microsoft's retaliatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost benefits, and attorneys' fees.

214. As a result of Defendant Microsoft's retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish pain and suffering, and lost quality of life.

## TWENTIETH CAUSE OF ACTION
### Retaliation in Violation of the New York Executive Law, § 296, et seq.
### Against Defendants Microsoft and Smith

215. Defendants retaliated against Plaintiff for making complaints of discrimination in violation of the Executive Law.

216. The complaints of discrimination made by Plaintiff were either actual violations of the Executive Law, and/or Plaintiff reasonably believed were actual violations of the Executive Law.

217. The retaliation was a result of intentional actions by Defendant, and/or deliberate indifference by Defendants.

218. As a result of Defendants' retaliatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost benefits, and attorneys' fees.

219. As a result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish pain and suffering, and lost quality of life.

## TWENTY-FIRST CAUSE OF ACTION
### Retaliation in Violation of the New York City Administrative Code, § 8-101, et seq.
### Against Defendants Microsoft and Smith

220. Defendants retaliated against Plaintiff for making complaints of discrimination in violation of the Administrative Code.

221.    The complaints of discrimination made by Plaintiff were either actual violations of the Administrative Code, and/or Plaintiff reasonably believed were actual violations of the Administrative Code.

222.    The retaliation was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

223.    As a result of Defendants' retaliatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost benefits, and attorneys' fees.

224.    As a result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish pain and suffering, and lost quality of life.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants awarding Plaintiff compensation and other damages in the form of lost income, forward pay, and other monies unlawfully denied to Plaintiff, as well as for severe emotional distress and loss of quality of life.

1.    On the First Cause of Action, judgment against Defendant Microsoft for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

2.    On the Second Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

3.    On the Third Cause of Action judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

4.      On the Fourth Cause of Action, judgment against Defendant Microsoft for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

5.      On the Fifth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

6.      On the Sixth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

7.      On the Seventh Cause of Action, judgment against Defendant Microsoft for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

8.      On the Eighth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

9.      On the Ninth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

10.     On the Tenth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

11.     On the Eleventh Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

12.     On the Twelfth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

13.     On the Thirteenth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

14.    On the Fourteenth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

15.    On the Fifteenth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

16.    On the Sixteenth Cause of Action, judgment against Defendant Microsoft for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial; and

17.    On the Seventeenth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial.

18.    On the Eighteenth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial.

19.    On the Nineteenth Cause of Action, judgment against Defendant Microsoft for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial.

20.    On the Twentieth Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial.

21.    On the Twenty-First Cause of Action, judgment against Defendants for compensatory, punitive damages, and reasonable counsel fees in an exact amount to be determined at trial.

That Plaintiff has such other, further, and different relief as the Court deems just, proper, and equitable in the circumstances, together with interest on all Causes of Action, and the costs and disbursements in this action.

Dated: New York, New York
   April 21, 2025

           BALLON STOLL P.C

       By:   *s/Marshall Bellovin*
          Marshall B. Bellovin, Esq. (MB5508)
          *Attorneys for Plaintiff*
          810 Seventh Avenue, Suite 405
          New York, New York, 10019
          (T) 212-575-7900