**UNITED STATES DISTRICT COURT**
**SOUNTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUTH YAKUBU,<br><br>                      *Plaintiff*,<br><br>-against-<br><br>MICROSOFT CORPORATION and DAVID SMITH<br><br>                      *Defendants*. | Case No. 1:25-cv-03309-JAV-RFT<br><br>**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR LEAVE TO WITHDRAW AS COUNSEL** |

Ballon Stoll P.C. ("BSPC") submits this Memorandum of Law in support of its Order to Show Cause for leave to withdraw as counsel for Plaintiff Ruth Yakubu ("Plaintiff") pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York Rule 1.4. BSPC submits this memorandum of law because Plaintiff has terminated BSPC as her counsel in this action.

    **I.    INTRODUCTION**

The undersigned counsel of record must make this motion to withdraw at this point in the proceedings. Simply stated, Plaintiff has terminated BSPC as her counsel for this action, and it is mandatory for BSPC to withdraw as counsel under the New York State Rules of Professional Conduct ("NYRPC") Rule 1.16(b).

On October 28, 2025, Plaintiff communicated to BSPC that she is terminating the attorney-client relationship and discharged BSPC as her attorneys in this action. Declaration of Bingyang Zhang ("Zhang Decl") ¶ 2. Plaintiff also informed the Mediation Office and BSPC indicating her intention to terminate. Zhang Decl. ¶ 3; *see* **Exhibit 1**.

1

Under these circumstances, BSPC can no longer represent Plaintiff. BSPC therefore seeks to withdraw as counsel. BSPC also proposes that a 30-day stay of all proceedings be granted to Plaintiff to allow her time to select replacement counsel.

This matter is in pre-trial status. Granting a 30-day stay would not unduly impact the proceeding of this case based on new counsel's ability to complete discovery and prepare for trial in a reasonable period of time.

**II.     ARGUMENT**

Rule 1.4 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York ("Rule 1.4") provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal …and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

When considering whether to grant a motion to withdraw under Rule 1.4, "district courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011); *Karimian v. Time Equities, Inc.*, No. 10-CV-3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011). Whether to grant or deny a motion for withdrawal is within the trial court's discretion. *See Spadola v. N.Y. City Transit Auth.*, No. 00-CV-3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002)

    **i.     BSPC Has Satisfactory Reason Supporting the Motion to Withdraw.**

The NYRPC Rule 1.16(b) governs mandatory withdrawals of counsel and states, in relevant part, that: "a lawyer shall withdraw from the representation of a client when: ... (3) the lawyer is discharged[.]" *See* NYPRC Rule 1.16(b)(3). When a client discharges a firm from its

employment, and the firm accepts such discharge, the court should grant a motion to withdraw "except under the most compelling circumstances." *See Casper v. Lew Lieberbaum & Co., Inc.*, No. 97 Civ. 3016 (JGK) (RLE), 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999)).

Courts in this District have consistently found that a client's discharge of an attorney is a sufficient basis for an attorney to withdraw as counsel. *See Honeedew Investing LLC v. Abadi*, 2022 WL 16857354 at *3 (S.D.N.Y. October 3, 2022); *Battino v. Cornelia Fifth Ave., LLC*, No. 09-CV-04113 (LGS), 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013) ("withdrawal is permissible when a client indicates he or she no longer wishes to be represented by counsel."); *Oscar de la Renta, Ltd. v. Strelitz, Ltd.*, No. 92-CV-3907 (CES), 1993 WL 205150, at *1 (S.D.N.Y. June 7, 1993) (same); *Hossain v. The Roger Smith Hotel/Unit No. 3*, No. 98-CV-5119 (DAB) (SEG), 1999 WL 195049, at * 1 (S.D.N.Y. Apr. 8, 1999) ("Discharge by a client is sufficient cause for withdrawal of an attorney.").

Plaintiff terminated the attorney-client relationship. Zhang Decl. ¶¶ 2-3. *See* Exhibit 1. Accordingly, the Firm has established grounds under Rule 1.16(b) to withdraw as Plaintiff's counsel herein. *See Casper*, 1999 WL 335334, at *4; *see also Steele v. Bell*, No. 11 Civ. 9343(RA), 2012 WL 6641491, at *2-3 (S.D.N.Y. Dec. 19, 2012) (observing client's discharge of counsel is satisfactory reason for granting withdrawal motion).

Should the Court order BSPC to disclose other or further information that may be confidential, in camera or otherwise, BSPC will comply to the extent reasonably necessary without violating BSPC's ethical obligations pursuant to NYRPC Rule 1.6(b).

### ii. Granting of Motion Will Not Disrupt the Proceedings or Prejudice Defendants

Courts have granted motions to withdraw where discovery is still ongoing, reasoning that in such circumstances, "counsel's withdrawal will not unnessarily delay the proceedings or

3

prejudice [the opposing party]" *Honeedew*, 2022 WL 16857354, at *5 (granting withdrawal motion where paper discovery and deposition were partially outstanding); *Karimian*, 2011 WL 1900092, at *3 (granting withdrawal motion where "substantial discovery ha[d] taken place, [but] discovery ha[d] not yet closed"); *see also Furlow v. City of New York*, No. 90-CV-3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (allowing withdrawal where document discovery was complete but depositions had not been taken).

Allowing BSPC to withdraw as counsel for Plaintiff will not disrupt the proceedings or cause Defendants undue prejudice. This case is still in pre-trial status and discovery is not yet complete. Any disruption in the case prosecution as by a grant of a reasonable stay period would be temporary. This case has not been moving at a feverish pace because of either parties' urgent needs.

## CONCLUSION

For the reasons stated above, the Firm respectfully requests that the Court enter an order (a) granting Ballon Stoll P.C. leave to withdraw as counsel for Plaintiff; (b) staying all proceedings for thirty (30) days to allow Plaintiff to secure new representation; and (c) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 31, 2025

BALLON STOLL P.C.

By: *s/Bingyang Zhang*
Bingyang Zhang, Esq. (5975495)
*Attorneys for Plaintiff*
810 Seventh Avenue, Suite 405
New York, New York 10019
(212) 575-7900

4